RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 3/11/11
BY OK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| FREDRICK ICKES #562961 | DOCKET NO. 10-CV-1034; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN WILKINSON, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Pro se Plaintiff Fredrick Ickes filed a civil rights complaint in the captioned matter. Plaintiff failed to submit either the $350 filing fee or a properly completed application to proceed *in forma pauperis* (IFP). On October 4, 2010, a memorandum order was issued directing Plaintiff to submit an IFP application signed and completed by an accounts officer. [Doc. #6] On November 9, 2010, Plaintiff submitted another IFP form, but he still failed to submit the portion to be completed by an accounts officer. [Doc. #6,7] On January 6, 2010, the Court issued a Notice of Intent to Dismiss for Plaintiff's failure to comply with its previous orders. [Doc. #8] Plaintiff was given an additional twenty days to submit the properly completed IFP forms. To date, Plaintiff has still failed to comply with the Court's orders.

Federal Rule of Civil Procedure Rule 41(b) permits dismissal of claims "for failure of the plaintiff to prosecute or to comply with ... any order of court...." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. <u>Link v. Wabash R.R.Co.</u>, 370 U.S. 626, 630-31, 82

S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir.1988). Plaintiff has failed to comply with numerous court orders to submit a completed pauper application.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED WITHOUT PREJUDICE** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by**

2

Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this 11th day of March, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE